UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARKER BURNS,

        Plaintiff,

v.                                    Civil Case No. 16-10917
                                          Honorable Linda V. Parker

ROSS STUART & DAWSON, INC., and
EDWARD ROSE & SONS, LLC a/k/a
THE VILLAGE,

        Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT EDWARD ROSE & SONS, LLC'S MOTION TO DISMISS**

        This lawsuit, alleging violations of the federal Fair Debt Collection Practices

Act ("FDCPA") and Michigan's Regulation of Collection Practices Act ("RCPA"),

arises from a letter Plaintiff Parker Burns received to collect an alleged debt.

Plaintiff brings this lawsuit as a putative class action on behalf of other consumers

who received the same letter.  Presently before the Court is Defendant Edward

Rose & Sons, LLC's motion to dismiss Plaintiff's Amended Complaint, filed

pursuant to Federal Rule of Civil Procedure 12(b)(6) on May 12, 2016.  (ECF No.

18.)  The motion has been fully briefed.  Finding the facts and legal arguments

sufficiently presented in the parties' briefs, the Court finds oral argument

unnecessary and is dispensing with oral argument pursuant to Eastern District of
Michigan Local Rule 7.1(f).

## I.    Rule 12(b)(6) Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of
the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134
(6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must
contain a "short and plain statement of the claim showing that the pleader is
entitled to relief." To survive a motion to dismiss, a complaint need not contain
"detailed factual allegations," but it must contain more than "labels and
conclusions" or "a formulaic recitation of the elements of a cause of action . . .."
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not
"suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' "
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a
motion to dismiss, a complaint must contain sufficient factual matter, accepted as
true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*,
550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
content that allows the court to draw the reasonable inference that the defendant is
liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The
plausibility standard "does not impose a probability requirement at the pleading

stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

## II.   Factual and Procedural Background

According to Plaintiff's Amended Complaint, Defendant Ross, Stuart & Dawson, Inc. ("RSD") is a debt collector, which offers its name and letterhead to creditors for "pre-collect" collection of debts. (Am. Compl. ¶ 9, ECF No. 13.) Defendant Edward Rose & Sons, LLC ("Rose") is a real estate development and management company, which collects payments from tenants on behalf of its various properties in Michigan. (*Id.* ¶ 10.) One of these properties is "The Village." (*Id.*)

On or about March 2, 2016, Plaintiff received a letter for a debt owed to "The Village." (*Id.* ¶ 31, Ex. 1, ECF Nos. 13, 13-1.) RSD's name is printed in large letters in the top, right-hand corner of the letter, under which appears: "Excellence in Global Collections". (*Id.*) In the top, left-hand corner of the letter,

3

in a smaller font, is "The Village", followed by an address in Bloomfield Hills, Michigan, which Plaintiff alleges belongs to Rose.  (Am. Compl. ¶ 33(g), Exs. 1, 3, ECF Nos. 13, 13-1, 13-3.)

The letter begins by informing Plaintiff: "The Village has instructed us to proceed with the collection of your account."  (Am. Compl., Ex. 1, ECF No. 13-1.) The letter then warns Plaintiff: "To avoid further collection action, we urge you to take care of this matter."  (*Id.*)  Under the heading "IMPORTANT CONSUMER NOTICE" is information advising Plaintiff to "notify *this* office within 30 days" to dispute the validity of the debt or request validation of the debt or the name and address of the original creditor.  (*Id.*, emphasis added).  Below the notice is RSD's name in bold.  (*Id.*)  The letter contains neither an address nor phone number for RSD, however.  (*Id.*)

Plaintiff is directed in the letter to contact "the creditor" to ask any questions or pay the debt by credit card, followed by a phone number which Plaintiff alleges is Rose's number.  (*Id.*; *see also* Am. Compl. ¶ 33(b), Ex. 2, ECF No. 13-2.)  The bottom of the letter bears the name of "The Village", followed by Rose's address. (Am. Compl., Ex. 1.)

On its website, RSD advertises "pre-collect" services for its clients.  (Am. Compl. ¶ 35, Ex. 4, ECF Nos. 13, 13-4.)  According to the website, the goal of RSD's pre-collect program "is to create an opportunity to communicate with the

4

debtor and re-direct them back to your company so that the situation can be resolved internally." (*Id*., emphasis removed.) The website states that payments are made directly to the client. (*Id*.) RSD's website also advertises "Letter Writing Services." (*Id*.)

In 2007, RSD and Rose entered an agreement titled, "Edward Rose & Sons Demand Letter 'Duns' Agreement" ("Defendants' Agreement"). (Am. Compl. ¶ 36, Ex. 5, ECF No. 13, 13-5.) Plaintiff states in his Amended Complaint that a "Duns Letter" or "Dunning Letter" is a notice to a customer that payment of an account receivable is overdue. (*Id*. ¶ 37.) According to Defendants' Agreement, RSD agreed to provide Rose demand letter services. (*Id*. ¶ 38, Ex. 5.) The letter states the "terms and conditions" of those services, which include:

> (1) "RSD will mail a series of three letters per debtor account";
>
> (2) each letter will contain a remittance slip and return address bearing the address provided by Rose and stated in the agreement;
>
> (3) a telephone number specified by Rose, and stated in the agreement, will be inserted into each letter;
>
> (4) "RSD will send all three letters to the debtor(s) until the client cancels any remaining letters"; and,
>
> (5) RSD will include National Change of Address and Address Change Service on the first and second letters and forward new information received to Rose.

(*Id*.)  Defendants' Agreement provides that Rose will pay $3.45 for 5,000 units. (*Id*.)

Plaintiff initiated this action on March 14, 2016, claiming that Defendants violated the FDCPA and RCPA by sending the letter.  Specifically, in the Amended Complaint filed April 25, 2016, Plaintiff alleges that RSD is a "flat-rater" under 15 U.S.C. § 1692j.  (Am. Compl. ¶¶ 49, 67(b) ECF No. 13.)  Plaintiff further alleges that Defendants are violating §§ 1692e and 1692e(10) of the FDCPA "with a contracted scheme and plan to using [sic] false, deceptive and misleading representations and means in connection with the collection of debts … using letters such as [the letter sent to Plaintiff]." (*Id.* ¶¶ 51, 67(a), (d).)  Plaintiff claims that Rose is violating § 1692e(14) of the FDCPA by using RSD "to conduct its own debt collection under the guise of just being the creditor even though the letter … is written to promote all contact and collection efforts by only Defendant Rose…." (*Id.* ¶¶ 52, 67(c).)  Plaintiff asserts that Defendants' conduct also violates §§ 1692a(6) and 1692f of the FDCPA, (*id*. ¶¶ 53, 67(e)), as well as Sections 252(n), (e), (f), and (q) of the RCPA, Mich. Comp. Laws §§ 445.252(n), (e), (f), (q).  (*Id.* ¶¶ 57, 68.)

## III.    Rose's Arguments in Support of Dismissal

Rose seeks dismissal of Plaintiff's claims against it, contending first that Rose is not liable as a "flat-rater" because it did not design, compile, and furnish

6

the letter Plaintiff received.[1]  Second, Rose argues that the actions complained of

do not legally constitute "flat-rating" because RSD participated in the collection

process and thus Rose is not a "debt collector" subject to liability under the

FDCPA.  Rose contends Plaintiff's state law claims fail because they are

duplicative of his FDCPA claims or he fails to allege facts supporting the claims.

## IV.    Applicable Law and Analysis

The stated purpose of the FDCPA is "to eliminate abusive debt collection

practices by debt collectors, to insure that those debt collectors who refrain from

using abusive debt collection practices are not competitively disadvantaged, and to

promote consistent State action to protect consumers against debt collection

abuses."  15 U.S.C. § 1692(e).  Only "debt collectors," as the FDCPA defines the

term, are subject to liability under the statute.  15 U.S.C. § 1692b-k.  In relevant

part, the FDCPA defines a "debt collector" as:

> [A]ny person who uses any instrumentality of interstate
> commerce or the mails in any business the principal
> purpose of which is the collection of any debts, or who
> regularly collects or attempts to collect, directly or
> indirectly, debts owed or due or asserted to be *owed or
> due another*.

---

[1] Plaintiff makes clear in his response brief that he is not seeking to hold Rose
liable as a "flat rater," but is claiming RSD is a flat rater and Rose was involved
with RSD in a flat-rating scheme.

*Id.* § 1692a(6) (emphasis added).  Creditors, therefore, are generally not subject to liability under the FDCPA.[2]  *See id.* § 1692a(6)(F)(ii) (excluding from the definition of "debt collector" any person collecting or attempting to collect a debt "which was originated by such person"); *see also Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003) ("A bank that is a creditor is not a debt collector for purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts.").  Congress excluded creditors from the FDCPA's reach because "creditors seeking to collect their own debts are restrained [from engaging in abusive collection practices] by the creditors' desire to retain their good will with consumers."  *Sokolski v. Trans Union Corp.*, 53 F. Supp. 2d 307, 312 (E.D.N.Y. 1999).

There is one exception to the creditor's exemption, however.  Creditors may be subject to liability under the FDCPA when the creditor, "in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."  15 U.S.C.

---

[2] The FDCPA defines a "creditor" as:

> [A]ny person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15 U.S.C. § 1692a(4).

§ 1692a(6). This "false name" exception "closes a potential loophole that would otherwise allow creditors to improperly suggest that an independent debt collector has entered the picture." *Larson v. Evanston Northwestern Healthcare Corp.*, No., 98 C 0005, 1999 WL 518901, at *2 (N.D. Ill. July 19, 1999) (unpublished) (citation omitted). The exception "recognizes the fact that when a creditor uses a name other than his own, the motivation to protect the good will in his own name is absent and the likelihood for abusive debt collections practices returns." *Sokolski*, 53 F. Supp. 2d at 312.

A creditor may be found liable under § 1692a(6) when it uses an alias or pretends to be someone else in the course of collecting its own debts. *See Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998). A creditor also may be found liable under § 1692a(6) when it participates in a prohibited arrangement known as "flat rating." *Sokolski*, 53 F. Supp. 2d at 312, *Hartley v. Suburban Radiologic Consultants, Ltd.*, 295 F.R.D. 357, 370-71 (D. Minn. 2013); *Larson*, 1999 WL 518901, at *3. The creditor is not liable as a "flat rater" under the FDCPA provision prohibiting flat rating, 15 U.S.C. § 1692j; instead, the creditor is deemed liable for using the flat-rating arrangement to create the false

9

impression that a third-party was involved in the collection or attempt to collect the

debt. [3] *See id.* § 1692a(6).

As the District Court for the Eastern District of New York explained in

*Sokolski*, a "flat-rater" is:

> [S]omeone who sells a creditor a series of "dunning" or
> demand letters, bearing the letterhead of the flat rater's
> collection agency. The collection agency of the flat rater,
> however, is not actually involved in the collection of the
> creditor's debts, but merely sells the creditor collection
> letters.

53 F. Supp. 2d at 312.  In § 1692j, the FDCPA prohibits flat-rating:

> It is unlawful to design, compile, and furnish any
> form knowing that such form would be used to create the
> false belief in a consumer that a person other than the

---

[3] In *Vincent v. The Money Store*, 736 F.3d 88 (2013), the Second Circuit Court of
Appeals analyzed whether a creditor "uses an alias or pretends to be someone else
in the course of collecting its own debts"-- to qualify as a debt collector under
§ 1692a(6)-- when it is the flat rater that sends the collection letter falsely
representing that it, rather than the creditor, is collecting the debt.  Relying on the
Seventh Circuit's decision in *Boyd v. Wexler*, 275 F.3d 642, 644 (2001), the
*Vincent* court concluded that "[w]hen a creditor that is collecting its own debts
hires a third party for the purpose of sending letters that represent that the third
party is collecting the debts, that is sufficient to show the 'use' of a name by the
creditor other than its own."  736 F.3d at 99; *see also Taylor v. Perrin, Landry,
deLaunay & Durand*, 103 F.3d 1232, 1235 (5th Cir. 1997) (holding that a creditor
may be held liable under the false name exception for sending a form "attorney
demand letter" that had been pre-prepared "by [an attorney] for [the creditor] to
use in collecting or attempting to collect from the debtor" and which "bore the
letterhead of the [attorney's] law firm and the facsimile of [the attorney's]
signature"); *White v. Goodman*, 200 F.3d 1016 (7th Cir. 2000) (describing the
creditor as the "primary violator" in a flat-rating case).  In a flat rating scheme, the
debt collector merely operates as a "conduit" for the collection process, which the
creditor controls.  *Vincent*, 736 F.3d at 103-04.

> creditor of such consumer is participating in the
> collection of or in an attempt to collect a debt such
> consumer allegedly owes such creditor, when in fact such
> person is not so participating.

15 U.S.C. § 1692j(a).  The statute provides that the flat-rater is liable "to the same extent and in the same manner as a debt collector…." *Id*. § 1692j(b).

Courts examine various factors to decide whether a collection agency's participation in debt collection activities is enough to maintain the creditor's exemption under the FDCPA, or is so limited that the collection agency's identity is simply being used by the creditor to create the impression that the collection agency is involved in the collection of the debt.  As the District Court for the Northern District of Illinois summarized in *Larson*, the facts weighing in favor of finding creditor liability include:

> (1) the collection agency is a mere mailing service or
> performs only ministerial functions; (2) the letters state if
> the debtor does not pay, the debt "will be referred for
> collection"; (3) the collection agency is paid merely for
> sending letters rather than on the percentage of debts
> collected; (4) the collection agency does not receive any
> payments or forwards payments to creditor; (5) if the
> debtor fails to respond to the letter(s), the collection
> agency has no further contact with the debtor or the
> creditor decides whether to pursue collection; (6) the
> collection agency does not receive the files of the
> debtors; (7) the collection agency never discussed with
> the creditor the collection process or what steps should be
> taken with certain debtors; (8) the collection agency
> cannot initiate phone calls to debtors; (9) any
> correspondence received by the collection agency is
> forwarded to the creditor; (10) the collection agency has

11

no authority to negotiate collection of debts; (11) the
letters do not state the collection agency's address or
phone number; (12) the letter directs questions or
payments to the creditor; and (13) the creditor has
substantial control over the content of the letters.

1999 WL 518901, at *4; *see also Hartley*, 295 F.R.D. at 371-72 (adopting factors).

Evidence suggesting the creditor did not act as a debt collector include:

(1) the collection agency provides traditional debt
collection services for the creditor such as direct contact
with debtors, locating debtors' assets, and referrals to
collection attorneys; (2) accounts remain with collection
agency if debtor does not pay after receipt of a letter; (3)
the collection agency has authority to decide to pursue
debts that remain unpaid after letters are sent; (4) the
collection agency provides follow-up services; (5) the
creditor pays only for successful collection efforts; (6)
the creditor exercises only limited control over the
collection agency; (7) the collection agency retains
information about the debtors; (8) the letters state
collection agency's telephone number or address; (9) the
collection agency drafts the letters; (10) the collection
agency collects debts for others; (11) the collection
agency answers debtors' inquiries; and (12) the collection
agency recommends how to pursue stubborn debtors.

*Id*. Examining Plaintiff's Amended Complaint with these factors in mind, the

Court finds sufficient allegations to support Plaintiff's claim that: (1) RSD is a flat-

rater; (2) Defendants engaged in a flat rating scheme; and (3) Rose can be held

liable under the FDCPA because it used this scheme to create the false impression

that RSD was engaged in the collection of Plaintiff's debt, when, in fact, RSD did

nothing more than draft and send the letter to Plaintiff.

12

Defendants' Agreement requires RSD to do nothing more than provide and mail a series of letters to Rose's debtors.  Yet, the letter Plaintiff received states that Rose has instructed "*us* [suggesting RSD] to proceed with the collection of your account" and that "[t]o avoid further collection action …*we* urge you to take care of this matter."  Rose pays RSD based on the number of letters sent, not on the percentage of debts collected.  The letter directs the consumer to send payment to Rose's address or call Rose to pay by credit card.  Consumers are directed to contact Rose with questions.  RSD's name appears in the largest font in the top, right-hand corner of the letter and in bold under the consumer notice, which instructs the consumer to "notify this office" to dispute or request validation of the debt.  Nevertheless, the letter does not offer RSD's address or phone number.  Defendants' Agreement does not provide for RSD to have any further involvement in the collection process other than sending the letters and supplying Rose with updated contact information for debtors received through the National Change of Address and Address Change Service.

As such, Plaintiff alleges sufficient facts to assert Rose's liability as a debt collector under § 1692a(6) for violations of §§ 1692e, 1692e(10) and 1692e(14).  Section 1692e generally provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Subsections (10) and (14) define conduct

13

violating this section. *Id*. Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt …." 15 U.S.C. § 1692e(10). Subsection (14) prohibits a debt collector in connection with the collection of any debt from using "any business, company, or organization name other than the true name of the debt collector's business, company, or organization." *Id*. § 1692e(14).

Rose argues that Plaintiff's claim under Section 252(e) of Michigan's RCPA fails because it is duplicative of Plaintiff's FDCPA flat-rating claim. Section 252(e) prohibits a "regulated person" from "making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt."[4] Mich. Comp. Laws § 445.252(e). As discussed above, the facts set forth in the Amended Complaint are sufficient to allege that Rose used a false name to mislead the recipient of the letters sent by RSD as to which entity was collecting the consumer's debt.

Rose argues that Plaintiff's allegations fail to state a viable claim under section 252(n) of the RCPA, which prohibits the use of a "harassing, oppressive, or abusive method to collect a debt …." Mich. Comp. Laws § 445.252(n). The statute provides as examples of such conduct: "causing a telephone to ring or

---

[4] In its motion to dismiss, Rose does not contend that it is not a "regulated person."

14

engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."  *Id.* Plaintiff appears to concede in his response brief that the letter sent to him was not abusive, oppressive, or harassing.  (*See* Pl.'s Resp. Br. at 21, ECF No. 19 at Pg ID 190.)  In any event, the Court finds the Amended Complaint devoid of facts suggesting that Rose violated this provision.

As Rose contends, the Amended Complaint also is devoid of facts to support Plaintiff's claim that Defendants violated sections 252(f) or (q) of the RCPA. Section 252(f) prohibits a regulated person from

> Misrepresenting in a communication with a debtor 1 or more of the following:
>
> (i) The legal status of a legal action being taken or threatened.
>
> (ii) The legal rights of the creditor or debtor.
>
> (iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property.
>
> (iv) That accounts have been turned over to innocent purchasers for value.

Mich. Comp. Laws § 445.252(f).  No such misrepresentation is found in the letter to Plaintiff.[5]  Subsection (q) provides liability for "[f]ailing to implement a

---

[5] Plaintiff appears to argue in his response brief that "[t]he legal rights of the creditor or debtor" were misrepresented by the letter, causing Plaintiff to believe

procedure designed to prevent a violation by an employee." *Id*. § 445.252(q).  The Amended Complaint does not allege a violation by any employee of Rose or RSD, nor does it allege a procedure that should have been implemented.

## V.   Conclusion

For the reasons stated, the Court concludes that Plaintiff alleges sufficient facts to state viable claims against Rose for violations of §§ 1692a(6), 1692e(10), and 1692e(14) of the FDCPA and Section 252(e) of the RCPA.  Plaintiff, however, fails to allege any facts to support violations of Sections 252(f), (n), or (q) of the RCPA and those claims are dismissed.

Accordingly,

**IT IS ORDERED** that Edward Rose & Sons, LLC's Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED IN PART AND DENIED IN PART**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 1, 2016

---

RSD was collecting the debt when it really was Rose.  (Pl.'s Resp. Br. at 22, ECF No. 19 at Pg ID 191.)  This misrepresentation, however, does not relate to Plaintiff's or Rose's legal rights.

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 1, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
